**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ADAM S.,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Civil Action No. 20-20717 (MAS)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Plaintiff Adam S.'s ("Plaintiff")[1] appeal from the final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying his request for benefits. (ECF No. 1.) The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons below, the Court remands the matter for further analysis.

I.  **BACKGROUND**

   A.   **Procedural History**

In March 2018, Plaintiff filed an application for disability benefits, alleging disability beginning on May 9, 2017. Plaintiff's application was initially denied on July 5, 2018, and upon reconsideration, so Plaintiff filed for an administrative hearing. Following that hearing, on

---

[1] The Court identifies Plaintiff by first name and last initial only. *See* D.N.J. Standing Order 2021-10.

February 21, 2020, the ALJ issued a decision finding that Plaintiff was not disabled.[2] (AR 8-27.) On November 30, 2020, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the Commissioner's final decision. (AR 1-6.) Thereafter, Plaintiff filed an appeal to this Court. (*See generally* Compl., ECF No. 1.) On July 9, 2021, Plaintiff filed a moving brief in this action. (ECF No. 9.) The Commissioner opposed (ECF No. 10), and Plaintiff replied (ECF No. 11).

### B. The ALJ Decision

On February 21, 2020, the ALJ rendered a decision. (AR 8-27.) The ALJ set forth the Social Security Administration's five-step sequential analysis for determining whether an individual is disabled. (*Id.* at 12-13.) At step one, the ALJ found that Plaintiff "had not engaged in substantial gainful activity" during the relevant period. (*Id.* at 13.) At step two, the ALJ determined that Plaintiff had several severe impairments, including, (1) degenerative disc disease status-post L4-5 microdiscectomy and status-post anterior cervical discectomy at C4-5, (2) left congenital hip dysplasia with osteoarthritis, and (3) obesity. (AR 14-16.) Despite the ALJ finding some of Plaintiff's impairments severe, he ultimately determined during his step-three analysis that those impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Appendix 1"). (*Id.* at 16.) The ALJ then found that Plaintiff possessed the residual functional capacity ("RFC") to do the following:

> perform sedentary work as defined in 20 CFR 404.1567(a) . . . he can occasionally lift 10 pounds, frequently lift 5 pounds, stand and walk for two hours out of an 8-hour day, and sit for six hours out of an 8-hour day. He can occasionally climb ramps, stairs, balance, kneel, stoop, crouch, and crawl, but can never climb ladders. He can

---

[2] The Administrative Record ("AR") is located at ECF Nos. 5 through 5-16. The Court will reference the relevant pages of the AR and will not reference the corresponding ECF page numbers within those files.

> tolerate occasional exposure to wetness, but must avoid all exposure to hazards.

(*Id.*)

At step four, the ALJ found Plaintiff "unable to perform any past relevant work." (*Id.* at 20.) At step five, the ALJ found that considering Plaintiff's age, education, and work experience, and relying on the testimony of the vocational expert ("VE"), "there are jobs that exist in significant numbers in the national economy that the claimant can perform." (*Id.* at 20-21.) The ALJ, consequently, found that Plaintiff was not under a disability from the alleged onset date through the date of the decision. (*Id.* at 21-22.)

## II.     LEGAL STANDARD

### A.     Standard of Review

On appeal from the final decision of the Commissioner of the Social Security Administration, the district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). To survive judicial review, the Commissioner's decision must be supported by "substantial evidence." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401 (citing *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Substantial evidence, however, "'may be somewhat less than a preponderance' of the evidence." *Ginsburg v. Richardson*, 436 F.2d 1146, 1148 (3d Cir. 1971) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).

In reviewing the record for substantial evidence, the Court "may not weigh the evidence or substitute [its own] conclusions for those of the fact-finder." *Rutherford v. Barnhart*, 399 F.3d 546,

552 (3d Cir. 2005) (citation and internal quotation omitted). Even if the Court would have decided the factual inquiry differently, it is bound by the ALJ's decision if it is "supported by substantial evidence." *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001). The Court must "review the record as a whole to determine whether substantial evidence supports a factual finding." *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (citation omitted). An ALJ's fact-finding is not readily subjected to categorical rules separate and apart from the deferential substantial evidence test. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154-55 (2019). Instead, "[t]he inquiry . . . is case-by-case." *Id.* at 1157.

### B. Establishing Disability

In order to be eligible for disability benefits, a claimant must be unable to "engage in any substantial gainful activity [("SGA")] by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 423(d)(1)(A). For purposes of the statute, a claimant is disabled only if his physical or mental impairments are "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). A physical or mental impairment is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Social Security regulations provide a five-step evaluation procedure to determine whether an individual is disabled. 20 C.F.R. § 404.1520(a)(4). The burden of persuasion rests with the claimant in the first four steps. *Malloy v. Comm'r of Soc. Sec.*, 306 F. App'x 761, 763 (3d Cir. 2009).

For the first step, the claimant must establish that he has not engaged in any SGA since the onset of his alleged disability. 20 C.F.R. § 404.1520(a)(4)(i). For the second step, the claimant must establish that he suffers from a "severe . . . impairment" or "combination of impairments." 20 C.F.R. § 404.1520(a)(4)(ii). If the first two steps are satisfied, the third requires the claimant to provide evidence that his impairment "meets or equals" an impairment listed in Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant demonstrates sufficient evidence under the third step, he is presumed to be disabled and is automatically entitled to disability benefits. *See id.* If he cannot so demonstrate, however, the eligibility analysis proceeds to step four. *See* 20 C.F.R. § 404.1520(d).

Under the fourth step, the ALJ determines whether the claimant's RFC permits him to resume his previous employment. *See id.* If the claimant can continue the work that he performed pre-impairment, then he is not "disabled" and not entitled to disability benefits. *See* 20 C.F.R. § 404.1520(f). If the claimant cannot continue in this line of work, the analysis proceeds to step five. *See* 20 C.F.R. § 404.1520(g).

At the fifth step, the burden shifts to the Commissioner to demonstrate that the claimant can perform other work that is consistent with his RFC, age, education, and past work experience. 20 C.F.R. § 404.1520(g); *see Malloy*, 306 F. App'x at 763. If the Commissioner cannot satisfy this burden, the claimant will receive Social Security benefits. *See* 20 C.F.R. § 404.1520(g).

### III. **DISCUSSION**

Based on its review of the ALJ's decision and considering the specific record in the present case, the Court finds good cause to remand the matter.

In reaching a decision, an ALJ must evaluate the evidence and explain why evidence has been rejected. *Cotter v. Harris*, 642 F.2d 700, 704-05 (3d Cir. 1981) (internal citation omitted). Nevertheless, it is not necessary for the ALJ to "undertake an exhaustive discussion of all the

evidence" where the court can determine "that there is substantial evidence supporting the Commissioner's decision." *Hernandez v. Comm'r of Soc. Sec.*, 89 F. App'x 771, 773-74 (3d Cir. 2004).

In his moving brief, Plaintiff argues that the ALJ erred in the RFC by not including and conveying to the vocational expert all of Plaintiff's severe limitations, including manipulative limitations; the ALJ did not follow the proper steps in applying the limiting effects of pain to the RFC; and the Appeals Council failed to articulate the weight it gave to new evidence in the record. (Pl.'s Moving Br. 2-3.) The Court only reaches Plaintiff's argument that the ALJ failed to account for his manipulative limitations in the RFC.[3] The Court finds that the ALJ's Decision does not contain "sufficient development of the record and explanation of findings to permit meaningful review" with respect to potential handling, fingering and/or manipulative limitations. *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004). The Commissioner urges that the standard of review for this matter is substantial evidence, "not whether Plaintiff can point to other evidence upon which the ALJ could have relied." (Def.'s Opp'n Br. 9.) And while there are no "magic words" that an ALJ must use in rendering a decision, the reviewing Court, nevertheless, must be able to perform a meaningful review. *Jones*, 364 F.3d at 505; *see also Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 120 (3d Cir. 2000). Based on the nature of the ALJ's reasoning, the Court is left to speculate if Plaintiff's RFC should have included these limitations.

Here, the ALJ did not adequately address the handling, fingering, and manipulative limitations to allow the Court to determine that the RFC is supported by substantial evidence. To

---

[3] For the avoidance of doubt, the Court does not reach Plaintiff's other arguments. Accordingly, the Commissioner should not infer from the fact that the Court has not specifically mentioned any particular aspects of the ALJ's decision that the unmentioned aspects of the decision have survived the Court's review. Upon remand, the ALJ should start his analysis at step one and work his way through the sequential factors.

begin, the Court notes that the ALJ limited Plaintiff to sedentary work not light work as the Commissioner argues. (Def.'s Opp'n Br. 8.) Consequently, Plaintiff's ability to lift or carry items is not at issue. Instead, Plaintiff's limitation to sedentary work may require extensive fine manipulative skills. *See* SSR 96-9p ("Most unskilled sedentary jobs require good use of the hands and fingers for repetitive hand-finger actions."); *Saez-Ortiz v. Comm'r of Soc. Sec.*, No. 17-06286, 2019 WL 324922, at *4 (D.N.J. Jan. 25, 2019) ("Any significant manipulative limitation of an individual's ability to handle and work with small objects with both hands will result in a significant erosion of the unskilled sedentary occupational base."). *Cf. Mercado v. Comm'r of Soc. Sec.*, No. 18-17422, 2020 WL 7768388, at *7 (D.N.J. Dec. 30, 2020) ("it was entirely consistent with the evidence for the ALJ to conclude that [Plaintiff] could not engage in fine motor skills such as typing or frequently handling, fingering, and feeling . . . but at the same time conclude that [he] could grip and carry heavier, but still relatively lightweight, objects.").

The Commissioner contends that the ALJ evaluated all the medical evidence, including Dr. Nguyen's finding of full upper extremity strength, including full grip strength, during his examination. (Def.'s Opp'n Br. 6-8.) The Commissioner concludes that the ALJ reasonably determined the record did not support additional limitations. (*Id.*) But the Court finds this argument unavailing. Here, the ALJ's opinion fails to explain how he accounted for the ample evidence in the record that supports a finding on manipulative limitations. For example, the ALJ made a finding that on February 27, 2018, Plaintiff reported that the numbness and tingling in his hands had resolved. (AR 17.) But Plaintiff continued to suffer numbness and tingling after that date. For example, the evidence includes, but is not limited to, Plaintiff's many diagnoses of cervical and lumbar radiculopathy, *see, e.g.*, (AR 40, 45, 53, 62-63, 66, 85, 93, 104, 227-28, 235, 266, 287, 382), symptoms of the numbness and weakness in Plaintiff's hands and fingers, *see, e.g.*, (AR 227, 229, 1164, 2349-50), his reported limitations in writing, and even his difficulties holding items

7

(AR 955, 959). This evidence in the medical record, which, if credited by the ALJ, would support handling, fingering, and/or other manipulative restrictions of some kind. Further, the Commissioner's contention that this evidence is limited to Plaintiff's own "subjective complaints and testimony" is not supported by the record. For example, Dr. John Tydings, an orthopedic surgeon, documented that Plaintiff had diminished sensation. (AR 2351.)

Finally, the Commissioner's argument that the ALJ reasonably determined the record did not support additional limitations is similarly unavailing. The Notice of Decision makes no further mention of Plaintiffs ability to exercise fine manipulative skills. The ALJ found that Plaintiff's treating physician's opinions were less than persuasive and that the ALJ was not bound by the opinions of independent medical examiners. (Def.'s Opp'n Br. 7-8.) But sufficient other evidence in the record supports a conclusion that manipulative limitations exist that should have been at least discussed in the Notice of Commissioner's Decision.

The Court, consequently, cannot find that the ALJ's decision is supported by substantial evidence and is constrained to remand the matter for further analysis. To find that Plaintiff's RFC is supported by substantial evidence when it cannot follow the ALJ's reasoning would result in an abdication of the Court's responsibility. The Court, consequently, must remand to the ALJ for further analysis.

## IV. CONCLUSION

For the reasons set forth above, the Court remands the decision of the ALJ for further analysis and proceedings consistent with this Memorandum Opinion. The Court will enter an order consistent with this Memorandum Opinion.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE